**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAUL R. TASH,

             Petitioner - Appellee,

   v.

BEN CURRY, Warden,

             Respondent - Appellant.

No. 08-17150

D.C. No. 4:05-cv-02417-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Argued and Submitted December 10, 2010
San Francisco, California

Before: HUG, D.W. NELSON, and McKEOWN, Circuit Judges.

Warden Ben Curry appeals from the district court's grant of the habeas

petition of Paul R. Tash. The district court concluded that under 28 U.S.C. § 2254

the state court unreasonably applied clearly established federal law when it upheld

the Governor's reversal of the California Board of Prison Terms's grant of Tash's

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

parole.  The district court reviewed the state court's application of the California-law requirement that "some evidence" of future dangerousness support a denial of parole, *see Hayward v. Marshall*, 603 F.3d 546, 562 (9th Cir. 2010) (en banc), and granted Tash's petition because it determined that the state court unreasonably applied this standard.  We review de novo a district court's decision to grant a habeas petition, *see Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004), and we reverse.

The legal landscape of this case has changed considerably since the district court considered Tash's habeas petition.  The Supreme Court recently held that although California might create a liberty interest in parole through its "some evidence" standard, federal courts are limited on habeas to a review of the process that the petitioner received.  *See Swarthout v. Cooke*, No. 10-333, 562 U.S. ___, 2011 WL 197627, at *3 (Jan. 24, 2011) (per curiam) ("Because the only federal right at issue is procedural, the relevant inquiry is what process [petitioner] received, not whether the state court decided the case correctly.").

Tash was "allowed to speak at [his] parole hearing[] and to contest the evidence against [him], [was] afforded access to [his] record[] in advance, and [was] notified as to the reasons why parole was denied."  *Id.* at *2; *see also Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16

2

(1979).  According to the Supreme Court, that is "the beginning and the end" of our inquiry.  *Swarthout*, 2011 WL 197627, at *3.  Because Tash was afforded constitutionally adequate process, his petition should have been denied.

**REVERSED.**